UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00022-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **AARON CARTER (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

On December 9, 2022, Defendant Aaron Carter filed a MOTION TO WITHDRAW GUILTY PLEA AND DISMISS INDICTMENT (Rec. Doc. 70). This motion was predicated upon a decision from the United States District Court for the Western District of Texas holding that 18 U.S.C. § 922(n), which prohibits receipt of a firearm by a person under felony indictment and the statute under which Carter is charged, was unconstitutional. *United States v. Quiroz*, 629 F. Supp. 3d 511 (W.D. Tex. 2022). The same day, Carter filed a MOTION FOR DETENTION HEARING asserting a change in circumstances concerning the dismissal of various state charges. (Rec. Doc. 69). The Government opposed both motions. (Rec. Docs. 73, 80). The decision in *Quiroz* was appealed to the Fifth Circuit.

By order dated December 13, 2022, the undersigned granted Carter's motion for a detention hearing and set same for December 27, 2022. (Rec. Doc. 74). At the conclusion of the hearing, the undersigned ordered that Carter remain detained. (Minutes, Rec. Doc. 77; Order of Detention, Rec. Doc. 79).

On August 9, 2023, Carter filed a SECOND MOTION FOR DETENTION HEARING, MOTION TO WITHDRAW COUNSEL AND ENROLL COUNSEL. (Rec. Doc. 82). By order dated April 12, 2024, the undersigned set a detention hearing to address Carter's continued detention given the pendency of the appeal in *Quiroz*. (Rec. Doc. 88). The detention hearing was held on April 23, 2024, after which the undersigned ordered Carter released on

conditions. (Appearance Bond, Rec. Doc. 93; Order Setting Conditions of Release, Rec. Doc. 94). The undersigned stated on the record during the detention hearing and noted in the minutes that an order revoking Carter's release would be issued in the event the Fifth Circuit upheld the constitutionality of 18 U.S.C. § 922(n). (Minutes, Rec. Doc. 94; Transcript, Rec. Doc. 103 at 44-45).

On January 13, 2025, the Fifth Circuit held that 18 U.S.C. § 922(n) is not unconstitutional under the Second Amendment. *United States v. Quiroz*, 2025 WL 79718 (5th Cir. Jan. 13, 2025). Since Carter's release was contingent upon the Fifth Circuit's issuance of a decision in *Quiroz* and such decision has been issued upholding the constitutionality of the statute under which he was charged and to which he entered a plea of guilty, Carter's release is hereby REVOKED. Carter is ORDERED to return to the custody of the United States Marshal Service pending further proceedings before Judge Summerhays. The details of Carter's surrender and return to Marshal custody is left to the discretion the Pretrial Services Officer.

Signed at Lafayette, Louisiana this 15th day of January, 2025.

_____
David J. Ayo
United States Magistrate Judge