# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00022-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **AARON CARTER (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

On July 1, 2022, the Court accepted the Defendant's guilty pleas as to Count 4 of the Superseding Indictment. Count 4 of the Superseding Indictment was a violation of 18 U.S.C. § 922(n). The matter was then set for sentencing. Prior to the sentencing, Defendant Aaron Carter filed a MOTION TO WITHDRAW GUILTY PLEA AND DISMISS INDICTMENT.[1] This motion was predicated upon a decision from the United States District Court for the Western District of Texas holding that 18 U.S.C. § 922(n), which prohibits receipt of a firearm by a person under felony indictment (the statute under which Carter is charged) was unconstitutional.[2] On January 13, 2025, the Fifth Circuit held that 18 U.S.C. § 922(n) is not unconstitutional under the Second Amendment.[3]

Defendant herein challenged the constitutionality of Section 922(n) both facially and as applied to him. In the *Quiroz* ruling, the Fifth Circuit held Section 922(n) was not facially unconstitutional and further held that with regard to a challenge to the statute as applied to an individual defendant, a court must analyze the charges which the defendant was facing at the time of possession of a firearm and determine whether those charges are comparable to charges which resulted in deprivation of a defendant's right to bear arms during the founding era. If the charges

---

[1] ECF No. 70.
[2] *United States v. Quiroz*, 629 F. Supp. 3d 511 (W.D. Tex. 2022).
[3] *United States v. Quiroz*, 2025 WL 79718 (5th Cir. Jan. 13, 2025).

are of a nature which would have resulted in pretrial detention, which would represent the complete deprivation of the criminal defendant's liberty and *ipso facto* restricted their access to weapons, then Section 922(n) is not unconstitutional as applied to that defendant.[4]

In the instant case, at the time at which the Defendant possessed a firearm as charged in Count 4 of the Superseding Indictment, Defendant was under indictment for felony charges of racketeering[5] and second-degree murder.[6] The most serious of those offenses, the charge of second-degree murder, is without question a crime of violence. The charge of murder existed in the founding era and was a crime punishable by death.[7] A capital offense during the founding era would have resulted in pretrial detention and therefore, a restriction on a defendant's access to weapons.[8] As the Fifth Circuit stated:

> To be sure, not everyone facing criminal charges was subject to pretrial detention at the founding. Bail was a common mechanism used to release individuals not charged with a capital offense prior to trial. However, many modern-day felonies were historically capital offenses, meaning many modern-day indictees would historically have been detained prior to trial. "[D]eath was 'the standard penalty for all serious crimes' at the time of the founding. For instance, the First Congress "punished forgery of United States securities, 'run[ning] away with [a] ship or vessel, or any goods or merchandise to the value of fifty dollars,' treason, and murder on the high seas with the same penalty: death by hanging."[9]

Accordingly, based upon the charges which the Defendant was facing at the time he possessed a firearm under Count 4 of the Superseding Indictment, Section 922(n) is not unconstitutional as applied to the Defendant. For these reasons, the Motion to Withdraw Guilty Plea and Dismiss

---

[4] *Id*.
[5] See ECF No. 70, Vermillion Parish, 15th JDC, docket # 2015-CR-59844-R.
[6] See ECF No. 70, Vermillion Parish, 15th JDC, docket # 64497.
[7] *United States v. Gore*, 118 F.4th 808, 814-815 (6th Cir. 2024) (describing the charge of murder as a capital offense during the Founding Era).
[8] *Id*. ("Serious crimes – like treason, murder, burglary, arson, and horse-stealing put a defendant in the nonbailable category….[s]o those defendants were detained before trial.")
[9] *Quiroz*, at *4 (internal citations omitted).

Indictment filed by the Defendant is DENIED. The Appeal of Magistrate Judge Ruling[10] filed by the Government is DENIED AS MOOT.

This matter is RESET for a SENTENCING hearing on Wednesday, February 5, 2025 at 1:30 p.m.

THUS DONE in Chambers on this 24th day of January, 2025.

                                          ROBERT R. SUMMERHAYS
                                    UNITED STATES DISTRICT JUDGE

---

[10] ECF No. 96.